**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

ASKIA J. MORTON,           )
                           )
        Petitioner,        )
                           )
        v.                 )    1:16CV1028
                           )
FRANK L. PERRY,            )
                           )
        Respondent.        )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On March 12, 2015, Petitioner pled guilty in the Superior Court of Person County to felony sale and delivery of marijuana, felony conspiracy to sell and deliver marijuana, and felony sex offender on child premises in cases 12 CRS 1751 and 14 CRS 5217, respectively. (See Docket Entry 1, ¶¶ 1-2, 4-6; see also Docket Entry 10-2 (plea transcript); Docket Entry 10-3 (judgment and commitment forms).) The trial court sentenced Petitioner, in accordance with the plea agreement, to three consecutive terms of 20 to 33 months' imprisonment. (See Docket Entry 1, ¶ 3; see also Docket Entries 10-2, 10-3.) Petitioner did not pursue a direct appeal. (See Docket Entry 1, ¶¶ 8, 9.)[1]

Petitioner subsequently filed a pro se "Motion to Run Concurrent Sentences" (Docket Entry 10-4 (capitalization omitted));

---

[1] Although Petitioner checked the "Yes" box in response to the question, "Did you appeal from the judgment of conviction?" (Docket Entry 1, ¶ 8), his response to the next question on the Section 2254 form requesting appeal details makes clear that he mischaracterized his motion for appropriate relief in the state trial court as an "appeal" (see id., ¶ 9).

however, so far as the record reflects, the state trial court did not rule on that motion. Thereafter, Petitioner filed a pro se motion for appropriate relief ("MAR") (see Docket Entry 1, ¶ 9; Docket Entry 10-5), which the trial court summarily denied (see Docket Entry 1, ¶ 9(c), (g)(3); Docket Entry 10-6). The North Carolina Court of Appeals then rejected Petitioner's certiorari petition. (See Docket Entry 1, ¶ 9(h); Docket Entry 10-7 (certiorari petition); Docket Entry 10-9 (order denying certiorari).)[2]

Petitioner next submitted his instant Petition to this Court. (Docket Entry 1.) Respondent moved for summary judgment both on statute of limitation grounds and on the merits (Docket Entries 9, 10), but Petitioner did not respond (see Docket Entries dated Oct. 31, 2016, to the present), despite notice from the Clerk of Court pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th cir. 1975) (Docket Entry 11). For the reasons that follow, the Court should grant Respondent's instant Motion.[3]

## I. Grounds for Relief

Petitioner raises two grounds for relief in his Petition: (1) "[t]he sentencing in the plea of [c]onspiracy to sales/delivery of a schedule VI substance is inaccurate in comparison of the statue

---

[2] Although Petitioner indicated that he filed a petition for certiorari in the United States Supreme Court (see Docket Entry 1, ¶ 9(h)), the subsequent details of that filing Petitioner provided make clear he referred to his certiorari petition filed in the North Carolina Court of Appeals (see id., ¶ 9(h)(1)-(4)).

[3] Because the undersigned recommends denial of the Petition on its merits, no need exists to reach Respondent's timeliness arguments.

-2-

[sic] versus plea agreement" (see Docket Entry 1 at 5); and (2) "it was [i]neffective [a]ssistance of [c]ounsel for [Petitioner's] attorney to not discover the sentencing error in the State's plea which caused an inaccurate sentence to be served" (id. at 6).

## II. Habeas Standards

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, "[b]efore [the] [C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to [this] [C]ourt in a habeas petition. The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement.").

## III. Discussion

**Ground One**

In Ground One, Petitioner contends that the trial court erred by issuing a 20 to 33 month sentence for Petitioner's guilty plea to felony conspiracy to sell and deliver marijuana. (See Docket Entry 1 at 5.) More specifically, Petitioner asserts that "[t]he statue [sic] for [c]onspiracy states upon conviction that the

offense of [c]onspiracy is to be one sentencing class lower than [the] felony committed." (Id. (citing N.C. Gen. Stat. § 14-2.4(a)).) Thus, Plaintiff argues that, because he also pled guilty to felony sale and delivery of marijuana, a Class H felony, the trial court should have issued a sentence on the conspiracy count corresponding to a Class I felony. (Id.) According to Petitioner, "[t]he maximum presumptive range of sentencing for a [p]rior [r]ecord [l]evel of 18+ points at Class I is 8-10 months, not the 20-30 [sic] months given at sentencing." (Id.) Ground One fails on its merits.

As an initial matter, Respondent asserts that Petitioner "did not raise [in his MAR] the specific claim of sentencing error that he raises in his Ground for Relief (1)." (See Docket Entry 10 at 4.) In order to exhaust his state court remedies, a petitioner must allow "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . [by] fairly present[ing] his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim." Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (internal quotation marks and ellipses omitted) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). He also "must raise his claim before every available state court, including those courts . . . whose review is discretionary." Id. at 713 (citing O'Sullivan, 526 U.S. at 847).

Petitioner raised two claims in his MAR regarding improper sentencing, but the MAR claims differ materially from Ground One of

the Petition.  (Compare Docket Entry 10-5 at 3-4, 12, with Docket Entry 1 at 5.)  In the MAR, Petitioner alleged that (1) the state trial court issued an improper sentence, not because of the operation of N.C. Gen. Stat. § 14-2.4(a) as alleged in Ground One here (see Docket Entry 1 at 5), but because the sentence failed to correspond to the quantity of marijuana at issue and, thus, constituted an aggravated sentence without the required corresponding judicial and/or jury fact-finding (see Docket Entry 10-5 at 3, 12); and (2) the state failed to file an information concerning Petitioner's prior convictions before his guilty plea and, thus, the state trial court lacked jurisdiction to impose an enhanced sentence (see id. at 4, 12).  Thus, Respondent correctly argues that Petitioner did not raise the substance of Ground One in the state courts, which means he did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

Respondent further argues that, if Petitioner returned to the state courts to exhaust this claim through another MAR, he would face mandatory imposition of the procedural bar.  (Docket Entry 10 at 4 (citing N.C. Gen. Stat. § 15A-1419(a)(1) and (b), and Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998)).)  Where, as here, a habeas petitioner would find his unexhausted claim subject to a mandatory procedural bar if he returned to state court for exhaustion, a federal procedural bar to habeas review arises.  Breard, 134 F.3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  In light of that procedural bar, Petitioner must demonstrate either cause and prejudice for his procedural default

or must establish that this Court's refusal to address his claim will result in a miscarriage of justice. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004).

Although Petitioner did not file a response to the instant summary judgment motion (see Docket Entries dated Oct. 31, 2016, to the present), he included the following explanation in his Petition for his failure to raise the substance of Ground One in his MAR:

> There was a misunderstanding in the argument of the [MAR] in that it was first believed that an aggravated sentence had been applied instead of a presumptive sentence. Once that was discovered, it became clear that it was not the aggravation at issue but that the sentencing for the class of offense was inaccurate.

(Docket Entry 1 at 5.) Assuming, arguendo, that Petitioner's above-quoted explanation constituted an attempt to show cause sufficient to excuse his procedural default, such an attempt fails.

"[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded [his] efforts to raise the claim in state court . . . [such as] interference by officials that makes compliance with the State's procedural rule impracticable [or] a showing that the factual or legal basis for a claim was not reasonably available . . . ." McClesky v. Zant, 499 U.S. 467, 493-94 (1991) (internal brackets, citations, ellipses, and quotation marks omitted) (emphasis added). Here, Petitioner's alleged mistake as to the type of sentence the state trial court imposed does not qualify as an "objective factor external to the defense," McClesky, 499 U.S. at 493-94. Moreover, well-settled authority holds that ignorance of the law, even on the part of a

pro se petitioner, does not qualify as cause to excuse default. See Holloway v. Smith, No. 95–7737, 81 F.3d 149 (table), 1996 WL 160777, at *1 (4th Cir. Apr. 8, 1996) (unpublished) ("[The petitioner] does not meet the cause and prejudice standard because unfamiliarity with the law and his pro se status do not constitute adequate justification to excuse his failure to present the claim earlier . . . ."); Wilson v. Johnson, No. 1:08CV794 (LMB/TRJ), 2009 WL 2243708, at *3 (E.D. Va. July 22, 2009) (unpublished) ("Courts universally hold that the fact that a petitioner is untrained in the law or unfamiliar with a court's procedural rules does not provide a basis for establishing cause."). Accordingly, Petitioner has not shown cause sufficient to excuse procedural default of Ground One.[4]

Finally, even if Petitioner had properly exhausted this claim, it could not succeed. The North Carolina Controlled Substances Act contains a provision that "any person who . . . conspires to commit any [controlled substance offense] is guilty of an offense that is the same class as the offense which was the object of the . . . conspiracy and is punishable as specified for that class of offense and prior record or conviction level in Article 81B of Chapter 15A of the General Statutes." N.C. Gen. Stat. § 90-98. Thus, because Petitioner pled guilty to felony sale and delivery of marijuana under N.C. Gen. Stat. § 90-95(a)(1), a Class H felony, the conspiracy to sell and deliver marijuana charge, to which

---

[4] A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner also pled guilty, properly qualified as a separate Class H felony under N.C. Gen. Stat. § 90-98. (See Docket Entry 10-2.) As Petitioner also pled guilty to a third Class H felony, sex offender on child premises (see Docket Entry 1, ¶¶ 5, 6; Docket Entry 10-2), he received three consecutive 20 to 33 month sentences in accordance with the North Carolina Structured Sentencing Act and his plea agreement, (see Docket Entries 10-2, 10-3; see also N.C. Gen. Stat. § 15A-1340.17(c), (d)).

Petitioner's reliance on N.C. Gen. Stat. § 14-2.4(a) misses the mark. (See Docket Entry 1 at 5.) That statute provides: "<u>Unless a different classification is expressly stated</u>, a person who is convicted of a conspiracy to commit a felony is guilty of a felony that is one class lower than the felony he or she conspired to commit." N.C. Gen. Stat. § 14-2.4(a) (emphasis added). The emphasized introductory clause makes clear that Section 14-2.4(a) does not apply where "a different classification is expressly stated," id., and Section 90-98 expressly states that conviction of conspiracy to commit a controlled substance offense results in the <u>same</u> class of offense as conviction of the underlying offense, N.C. Gen. Stat. § 90-98. Simply put, Section 14-2.4(a)'s provision that "a person who is convicted of a conspiracy to commit a felony is guilty of a felony that is one class lower than the felony he or she conspired to commit" does not apply to Petitioner's sentence. N.C. Gen. Stat. § 14-2.4(a).

In sum, Ground One fails as procedurally barred and on the merits.

**Ground Two**

In his second and final ground for relief, Petitioner asserts that his trial counsel provided ineffective assistance by failing to discover the sentencing error Petitioner alleged in Ground One. (Docket Entry 1 at 6-7.) Ground Two provides no basis for relief. As discussed in the preceding subsection, Petitioner's claim that trial court erred by issuing a 20 to 33 month sentence for Petitioner's guilty plea to felony conspiracy to sell and deliver marijuana lacks merit. Accordingly, Petitioner's trial counsel could not have provided ineffective assistance for failing to object to such a sentence. See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel was not constitutionally ineffective in failing to object . . . [when] it would have been futile for counsel to have done so . . . .").

**IV. Conclusion**

Petitioner has not shown a valid basis for habeas relief.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 9) be **GRANTED,** that the Petition (Docket Entry 1) be **DENIED,** and that Judgment be entered dismissing this action without issuance of a certificate of appealability.

                                    /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                        **United States Magistrate Judge**

May 19, 2017